I concur with the disposition of this case by the majority. My analysis, though, is different.
The majority states: "Husband submits his motion clearly demonstrates he had no notice of the final hearing or the filing of the Divorce Decree." The majority goes on to state that the record reveals on March 31, 2000, the trial court sent a copy of a Notice of Hearing to husband, via regular U.S. mail at husband's last known address, advising him of the divorce hearing scheduled for April 18, 2000. I would find that that notice is not sufficient under Civ.R. 5(B) and 75(L). The appellant was still represented by counsel on March 31, 2000, and counsel should have been notified, not appellant. The record does show that counsel for appellant was notified of the April 18, 2000, trial date by a notice filed January 11, 2000. In spite of the record, however, I would find that had the appellant clearly alleged that he had not received notice of the divorce trial and that he had been available to his attorney so that she could have provided that notice, appellant would be entitled to an evidentiary on that issue. Upon examination I do not find that appellant clearly alleged these things. What appellant states, in his affidavit supporting his 60(B) motion, is ". . . that a Judgment was entered against me based upon fraudulent information provided to the Court without notice to this Affiant and without an opportunity to appear and contest the attempted fraud of the Plaintiff." Even if I were to interpret this language as a claim by appellant that he received no notice of trial, I find no allegation that the appellant was available to his counsel so that she could notify him of the trial date. In fact, appellant states in his affidavit that he "left Ohio in January 2000 in search of employment and a lower cost of living." and "[m]y travels took me to Florida and eventually to Kentucky where I currently reside." Therefore, I would conclude the appellant is not entitled to an evidentiary on the issue of whether he received notice of the divorce trial.
I agree with the majority that the appellant did not have a year from the filing of the QDRO to file a 60(B) motion which is based on fraudulent representations made to the trial court at the divorce trial.
As to whether the appellant should have longer than a year in which to file his 60(B) motion, I would also find the answer to be no. While I can envision extraordinary circumstances where equity may require a lengthening of that one year, this case does not present those circumstances. Appellant kept neither his attorney nor the trial court aware of his address. If he did not get the decree in a timely fashion, he must suffer the consequences. In other words, the appellant did not come to the court with clean hands.
I agree with the majority on all other issues.